# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | } | |
| | } | |
| **v.** | } | |
| | } | |
| **WILLIE NORMAN GRANT, JR.,** | } | Case No.: 2:17-CR-00294-RDP-JHE-1 |
| | } | |
| **Defendant.** | } | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendant Willie Norman Grant, Jr.'s Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) due to COVID-19. (Doc. # 55). For the reasons set forth below, the Defendant's Motion is due to be denied.

**I.     Background**

On January 25, 2019, Defendant pleaded guilty to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. # 29). Defendant was sentenced to a term of fifty-one (51) months in prison on July 11, 2018. (Doc. # 51). According to the Bureau of Prisons's ("BOP") website, Defendant's projected release date is April 14, 2022.[1] Defendant is a 39-year-old male. (Doc. # 50 at 3). Defendant is incarcerated in the low-security facility at the Federal Correctional Institution at Forrest City, Arkansas (Forrest City Low FCI), a facility that has experienced an outbreak of COVID-19 cases. As of September 9, 2020, Forrest City Low FCI reports that four inmates and six staff members have active cases of COVID-19. No inmates or staff members have succumbed to the virus at Forrest City Low FCI. Rather, 644 inmates and four

---

[1] The Federal Bureau of Prisons's website provides information about an inmate's projected release date. The following is a link to the inmate locator section of the website: https://www.bop.gov/inmateloc/.

staff members have recovered from COVID-19.[2] Defendant has moved the BOP to grant compassionate release and now brings this motion following the BOP's denial of his request. (Doc. # 55).

According to Defendant, he "has a history of chronic respiratory issues such as asthma, and bronchitis as well as a history of medical treatment at his current facility,"[3] although he doesn't state or provide documentation of his medical history. (Doc. # 55 at 2). Defendant has requested that the BOP seek compassionate relief on his behalf and now brings this motion following the BOP's denial of his request. (Doc. # 55).

## II.     Legal Standard

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). The exception in 18 U.S.C. § 3582(c)(1)(A) provides that when a defendant has exhausted his or her administrative remedies the court may exercise its discretion to reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if 1) extraordinary and compelling reasons warrant such a reduction and 2) such a reduction is consistent with applicable policy statements. *United States v. Smith*, 2020 WL 2512883, at *2 (M.D. Fla. May 15, 2020). "The defendant generally bears the burden of establishing that compassionate release is warranted." *Id.* (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

---

[2] The following is a link to the Bureau of Prisons's website that provides public information regarding COVID-19 cases: https://www.bop.gov/coronavirus/.

[3] Defendant stated in his request for relief to the BOP that he had Diabetes but failed to include that information in this Motion. (Doc. # 55 at 10).

**III.     Analysis**

Defendant argues that the spread of COVID-19, in combination with his chronic respiratory issues, presents an extraordinary and compelling reason justifying his release. (Doc. # 55 at 3). Compassionate-release motions arise under 18 U.S.C. § 3582(c)(1)(A)(i), which states:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

**A.     Administrative Exhaustion Requirement**

A district court is not free to modify a term of imprisonment once it has been imposed, except in two circumstances: upon motion of the Director of the BOP; or upon motion by a defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the Warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009).

After reviewing the applicable law and facts presented here, the court finds that Defendant has satisfied the compassionate release statute's 30-day exhaustion requirement. (*See* Doc. # 55 at 9). More than 30 days have lapsed since the Warden received Defendant's request on April 23, 2020, which the Warden denied on May 18, 2020. (Doc. # 55 at 9-10).

### B.     Section 3553(a) Factors and Extraordinary and Compelling Reasons

Although Defendant has demonstrated that he satisfied the statute's exhaustion requirement, the question still remains whether, "considering the factors set forth in [§] 3553(a)," "extraordinary and compelling reasons warrant" a reduction in his sentence, "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

United States Sentencing Guideline § 1B1.13 is the applicable policy statement related to compassionate release. *United States v. McCall*, 2020 WL 2992197, at *2 (M.D. Ala. June 4, 2020). That section, which was adopted before Congress authorized a defendant to seek relief under § 3582(c) on his own behalf, essentially reiterates the requirements of § 3582(c)(1)(A), with the additional requirement that a defendant "not be a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). The application notes to § 1B1.13 provide examples of extraordinary and compelling reasons to grant a compassionate release. In particular, Application Note 1 states:

> Provided the defendant [is not a danger to the safety of any other person or to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant --
>
> > (i)  The defendant is suffering from a terminal illness[.]
> >
> > (ii) The defendant is [suffering from a health condition] that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant -- The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances --

>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other reasons -- As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, Application Note 1. As noted, the basis for compassionate release must be "consistent with" this policy statement. 18 U.S.C. § 3582(c)(1)(A)(i).

Here, Defendant has failed to demonstrate extraordinary and compelling reasons to reduce his sentence. Defendant argues that his chronic respiratory condition places him at increased risk of severe illness from COVID-19. (Doc. # 55 at 3). He states that individuals like himself "are considered high at risk for COVID-19, and are more likely to have worse symptoms, and or die from the infection if not treated properly." (*Id.*).

Application Note 1(A)(ii) applies to conditions from which an inmate "is not expected to recover," and there is no evidence showing that Defendant would not be expected to recover if he contracted COVID-19. Indeed, 644 inmates at Forest City Low have recovered from COVID-19 with zero fatalities.[4] Further, Defendant argues that he is at risk of "worse symptoms" or death if not treated properly. However, there is nothing in the record suggesting that Defendant will not be treated properly if he contracts COVID-19. As such, Defendant has failed to show that he is unable to provide self-care within the environment of a correctional facility for his respiratory conditions or that his respiratory issues, if exposed to COVID-19, would develop conditions from which he is not expected to recover. *See* U.S.S.G. § 1B1.13, Application Note 1(A)(i)-(ii). Thus, Defendant's condition does not present "extraordinary and compelling reasons warrant[ing a

---

[4] https://www.bop.gov/coronavirus/.

sentence] reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see United States v. Weidenhamer*, 2019 WL 6050264, at *5 (D. Ariz. Nov. 8, 2019) ("[c]hronic conditions that can be managed in prison are not a sufficient basis for compassionate release.").

Even if extraordinary and compelling reasons existed, guideline § 1B1.13 and the § 3553(a) factors weigh against compassionate release in Defendant's case. To begin, § 1B1.13(2), which § 3582(c) incorporates, states that a sentence may be reduced only when "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Defendant argues that he is a non-violent offender and will not pose a risk of escape (or a harm to society) based on his institutional record and prior convictions. (Doc. # 55 at 2,5). However, the relevant factors and guidelines weigh against compassionate release in Defendant's case.

Starting with recidivism, the Pre-Sentence Investigation Report ("PSR") indicates that Defendant had at least two prior drug felonies when he committed the offense for which he is currently imprisoned, in addition to convictions for other crimes. (Doc. # 50 at 6-7). Specifically, in 2008 and 2013, Defendant was convicted of Assault, third degree. (*Id.* at 17-18). Also, in 2008, Defendant was convicted of Receiving Stolen Property, first degree. (*Id.* at 18). To be sure, Defendant qualified for enhanced sentencing (that is, a Category VI criminal history score) based on his recidivist history. (*Id.* at 21). *United States v. Ortiz*, 636 F.3d 389, 394 (8th Cir. 2011) (discussing that district court described defendant as a "serial" perpetrator with a criminal history in Category VI). This criminal history indicates that there is a risk of recidivism.

As to whether the offense was non-violent, § 1B1.13(2) incorporates by reference 18 U.S.C. § 3142(g), which provides factors to determine whether a person is a "danger to the safety of any other person or the community." Among those factors is whether the defendant possessed a firearm; whether the offense involved a controlled substance; and whether, at the time of current

6

offense, the person was on probation, parole, or other release pending completion of a sentence. 18 U.S.C. § 3142(g). Indeed, Defendant was convicted of possessing a firearm. (Doc. # 50 at 5). In sum, Defendant poses a danger to the community.[5]

For all the reasons stated herein, the court will deny Defendant's motion.

## IV. Conclusion

The court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons, Defendant's Motion to Reconsider Compassionate Release due to COVID-19 (Doc. # 55) is **DENIED**.

**DONE** and **ORDERED** this September 10, 2020.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[5] Some courts have concluded that the term "safety of the community" refers "not only to the mere danger of physical violence but also to the danger that the defendant might engage in criminal activity to the community's detriment." *United States v. Mackie*, 876 F. Supp. 1489, 1491 (E.D. La. 1994) (reviewing same phrase in 18 U.S.C. § 3148, which, like 1B1.13 incorporates § 3142(g)). That is certainly true here.